1  Ehab M. Samuel (SBN 228296)
   esamuel@hdmnlaw.com
2  David A. Randall (SBN 156722)
   dave@hdmnlaw.com
3  **HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**.
   10900 Wilshire Blvd., Suite 300
4  Los Angeles, CA 90024
   Tel.:  (310) 887-1333
5  Fax:  (310) 887-1334

6  Attorneys for Plaintiff,
   **DBEST PRODUCTS, INC.**

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  DBEST PRODUCTS, INC., a California corporation, | **Case No.:**  2:21-CV-03147 |
| 12              Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| 13          vs. | **DEMAND FOR JURY TRIAL** |
| 14  AMAZON.COM, INC., a Delaware corporation, and DOES 1 through 10, inclusive, | |
| 17              Defendant. | |

18

19

20

21

22

23

24

Plaintiff DBEST PRODUCTS, INC., by its undersigned attorneys, hereby sets forth its Complaint against Defendant AMAZON.COM, INC. and alleges as follows:

**THE PARTIES**

1. Plaintiff DBEST PRODUCTS, INC., ("DPI") is a California corporation with a principal place of business at 7825 Somerset Blvd., Suite D, Paramount, CA 90723.

2. Upon information and belief, Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon has a regular and established place of business in this judicial district, including but not limited to the distribution center at 6400 Valley View St, Buena Park, CA 90620; the Amazon Hub Locker at 239 N Crescent Dr, Beverly Hills, CA 90210; and the Amazon Locker at 1451 S La Cienega Blvd, Los Angeles, CA 90035.

3. Upon information and belief, Amazon offers and sells products, including those accused herein of infringement, to customers and/or potential customers located in California and elsewhere in the United States.

**JURISDICTION AND VENUE**

4. DPI brings this action for patent infringement against Amazon under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, and under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

5. This Court has subject matter jurisdiction over the claims in this Complaint that relate to patent infringement pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

COMPLAINT

6. Additionally, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are, respectively, citizens of a foreign state and this state, and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Amazon because, upon information and belief, Amazon does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in this State; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this State and judicial District; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). Amazon has committed acts of patent infringement in this District and has a regular and established place of business in this District.

## FACTUAL BACKGROUND

9. DPI is a leading innovator and seller of portable carts in the United States. DPI has developed, marketed and sold exclusively a highly successful product line of premium portable carts that are frequently featured on QVC, Inc.'s television infomercials and website.

10. DPI is the owner of a worldwide portfolio of intellectual properties, including utility patents, design patents and trademarks.

COMPLAINT

11. DPI is the owner of all rights, title, and interest in and to U.S. Patent No. 9,233,700 ("the '700 Patent"), which was issued on January 12, 2016, and entitled "PORTABLE CART WITH REMOVABLE SHOPPING BAG". The '700 Patent is in full force and effect and has not expired or lapsed. A true and correct copy of the '700 Patent is attached as **Exhibit 1** hereto.

12. Amazon sells products on amazon.com, and has been advised of the existence of the '700 Patent, and of its infringement of at least claim 9 thereof by products sold at amazon.com.

13. As early as March 2, 2021, DPI notified Amazon of the infringing products. Amazon merely sent an automated email with as assigned Case No. 8067208811, but dismissed the notice as incomplete.  A copy of the email from Amazon, dated March 4, 2021, is attached as **Exhibit 2**.

14. On March 4, 2021, DPI's counsel replied to Amazon's email and enclosed a cease and desist letter containing detailed infringement charts on the Accused Products.  A copy of the email enclosing the cease and desist letter is attached as **Exhibit 3**.  Amazon never responded back to DPI's counsel's cease and desist letter.

15. Subsequently, on March 17, 2021, having received no response, DPI resent the cease and desist letter to Amazon's Legal Department at legal@amazon.com. A copy of the email enclosing the March 4, 2021 cease and desist letter is attached as **Exhibit 4**.  Amazon merely responded with an assigned complaint ID No. 8119677651 and indicated that they notified the sellers, but neither the sellers nor Defendant has taken any action to remove the infringing products from the

COMPLAINT

amazon.com website.  A copy of the email from Amazon, dated March 17, 2021, is attached as **Exhibit 5**.

16. The infringing products ("Accused Products") sold, offered for sale and advertised on amazon.com that infringe at least claim 9 of the '700 Patent, and which Amazon has been notified of, include at least the following:

a. Shopping Cart, Super Loading Stair Climber Cart 220 lbs Capacity Grocery Foldable Cart with Extra Large Shopping Bag Laundry Cart with Adjustable Bungee Cord; **ASIN #: B07B4XSW9L**. *See*

https://www.amazon.com/Shopping%02%20Loading-Capacity-Foldable-Adjustable/dp/B07T63S2WP?ref_=ast_sto_dp

b. Shopping Cart, Super Loading Grocery Cart 220 lbs Capacity Grocery Shopping Foldable Cart with Extra Large Black Shopping Bag Portable Grocery Cart with Bungee Cord; **ASIN #: B08CX9VXPT**. *See*

https://www.amazon.com/ShoppingCapacityFoldablePortable%02%20Adjustable/dp/B08CX9VXPT?ref_=ast_sto_dp

c. Shopping Cart, Heavy Duty Stair Cart 220 lbs Capacity Grocery Cart with Grey Large Shopping Bag Folding Shopping Cart with Adjustable Bungee Cord; **ASIN #: B07B4XSW9L**. *See*

1.    https://www.amazon.com/UpgradedShoppingClimbing%20%20%20Tri-Wheels-Bearings/dp/B07B4XSW9L?ref_=ast_sto_dp

COMPLAINT

17. Upon information and belief, the Accused Products are promoted in the same marketing channels as DPI's products. Specifically, the Accused Products are offered for sale directly from the Amazon.com website, from which a customer may purchase products that Amazon ships to the customer anywhere in the United States. The Accused Products are displayed on the product-detail page generated by Amazon, which includes information about the price, description of the goods, and quantity, and can be purchased through Amazon.com upon a single click by the potential purchaser.

## FIRST CLAIM FOR RELIEF

**(Direct Infringement of the '700 patent – 35 U.S.C. §§ 271 *et seq.)*

18. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

19. Amazon has been and is directly infringing the '700 Patent by making, using, offering for sale, selling, and/or otherwise distributing the Accused Products, that infringe at least claim 9 of the '700 Patent in violation of 35 U.S.C. § 271. For example, the Accused Products meet each element of at least claim 9, literally and/or under the doctrine of equivalents, as shown in the infringement charts disclosed in the exhibits to the March 4, 2021 cease and desist letter. *See also* **Exhibits 6-8**.

20. Amazon has not terminated the infringement in response to DPI's notifications regarding the existence of the '700 Patent, and that the Accused Products infringe at least claim 9 thereof.  Rather, Amazon has continued to sell the directly infringing products on amazon.com after notification of the '700 Patent and its infringement thereof.

COMPLAINT

21. Amazon's infringement has been deliberate, willful, intentional, as Amazon engaged in these wrongful acts with full knowledge of the existence of the '700 Patent and with full knowledge that its activities were an infringement of the '700 Patent.

22. In particular, as noted above, DPI provided actual notice of the infringement to Amazon at least as early as March 4, 2021.

23. Amazon's infringement has injured or will injure DPI, and DPI is entitled to recover damages adequate to compensate it for Amazon's infringement.

24. Because Amazon's infringement has caused or will cause DPI substantial damage and irreparable injury by its infringement of the '700 Patent, DPI will continue to suffer damage and irreparable injury unless and until Amazon is enjoined by this Court from continuing its infringement.

25. DPI is entitled to injunctive relief and compensatory relief, including attorneys' fees and costs, as well as enhanced damages pursuant to 35 U.S.C. §§ 271, 281, and 283 to 285.

## SECOND CLAIM FOR RELIEF

**(Induced infringement of the '700 Patent – 35 U.S.C. §§ 271 *et seq.*)**

26. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

27. Despite being put on notice, Amazon continued to sell the directly infringing products on amazon.com.  In view of its continued actions, Amazon has been and is actively inducing others to infringe at least claim 9 of the '700 Patent, by

COMPLAINT

among other things, directly or through intermediaries, using, offering for sale, selling, and/or otherwise distributing the Accused Products in violation of 35 U.S.C. § 271(b).

28. As shown above, Amazon's sellers have engaged in and currently engage in activities that constitute direct infringement of the '700 Patent. Amazon's affirmative acts of

a. selling and/or offering for sale the Accused Products through its website;

b. advertising the benefits of its marketplace to sellers and potential sellers;

c. providing sellers with the platform to reach customers and the online tools to offer the Accused Products for sale, i.e., advertising and promoting the Accused Products;

d. interacting with purchasers of the Accused Products so as to enable sellers to complete transactions with Amazon as an intermediary, and without communicating directly with the purchasers; and

e. benefitting financially from the sales of the Accused Products through Amazon.com,

have induced and continue to induce Amazon's sellers to sell the Accused Products in their normal and customary form to infringe the '700 Patent.

29. Through its advertising, selling, and/or offering for sale the Accused Products, Amazon specifically intends that its sellers directly infringe the '700 Patent. Despite having been notified of infringement, Amazon has continued to wantonly, willfully, and without justification, infringe at least claim 9 of the '700 Patent and will

COMPLAINT

not terminate its infringement by removing the Accused Products that it induces infringement of from amazon.com unless ordered by this Court.

30. Amazon has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the '700 Patent and with the knowledge or willful blindness to the fact that the induced acts constitute infringement.

31. Amazon's infringement has been deliberate, willful, intentional, as Amazon engaged in these wrongful acts with full knowledge of the existence of the '700 Patent and with full knowledge that its activities were an infringement of the '700 Patent.

32. Defendant Amazon's induced infringement has injured or will injure DPI, and DPI is entitled to recover damages adequate to compensate it for the infringement.

33. Because Defendant Amazon's induced infringement has caused or will cause DPI substantial damage and irreparable injury by its infringement of the '700 Patent, DPI will continue to suffer damage and irreparable injury unless and until Amazon is enjoined by this Court from continuing its induced infringement.

34. DPI is entitled to injunctive relief and compensatory relief, including attorneys' fees and costs, as well as enhanced damages pursuant to 35 U.S.C. §§ 271, 281, and 283 to 285.

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to enter judgment in its favor and against Amazon and grant the following relief:

A. A determination that Amazon has infringed at least claim 9 of the '700 Patent under 35 U.S.C. §§ 271, et seq.;

B. An injunction permanently enjoining Amazon, and its officers, agents, employees, and all others in active concert or participation with Amazon or any of them, from further infringement of the '700 Patent;

C. Damages in an amount adequate to compensate DPI for Amazon's patent infringement pursuant to 35 U.S.C. § 284;

D. A determination that Amazon's patent infringement has been willful, and an award of treble damages pursuant to 35 U.S.C. § 284;

E. A determination that this case is exceptional and an award to DPI of its reasonable attorney's fees pursuant to 35 U.S.C. § 285;

F. Enter a judgment and order requiring Amazon to recall from any distributors and retailers and to deliver to DPI for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

G. Enter a judgment and order requiring Amazon to file with this Court and serve on DPI within thirty (30) days after entry of the injunction, a report in writing, under oath setting forth in detail the manner and form in which Amazon have complied with the injunction;

-9-

COMPLAINT

H. Any further relief that this Court deems just and proper.

DATED:  April 12, 2021

HACKLER DAGHIGHIAN MARTINO &
NOVAK, P.C.

By:  /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)

*Attorneys for Plaintiff*

COMPLAINT